UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS CARLOS RENDON-AGUDELO, | : | |
| Petitioner, | : | Civ. No. 17-0093 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 19, 2017, this Court administratively terminated this action as his application to proceed *in forma pauperis* was denied and petitioner had not paid the filing fee. Petitioner was given thirty days in which to pay the filing fee. Subsequently, petitioner paid the filing fee on February 14, 2017. Thereafter, on February 16, 2017, this Court received a letter from petitioner for an extension of time to respond to this Court's January 19, 2017 Order. In light of petitioner having paid the filing fee on February 14, 2017, this request for an extension of time will be denied as unnecessary. The Clerk will be ordered to reopen this case in light of petitioner having now paid the filing fee. For the following reasons, the habeas petition will be summarily dismissed.

## II. BACKGROUND

Petitioner is currently serving a sentence of 264 months after a jury found him guilty of, among other things, conspiring to distribute cocaine in the United States District Court for the

Central District of California. Petitioner filed a direct appeal with the United States Court of Appeals for the Ninth Circuit. On July 2, 2012, the Ninth Circuit affirmed the judgment. (*See* C.D. Cal. Crim. No. 07-0032-3 Dkt. No. 408) On August 1, 2013, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Central District of California. (*See* C.D. Cal. Crim. No. 07-0032-3 Dkt. No. 430) On January 15, 2015, the Central District of California denied petitioner's § 2255 motion. (*See* C.D. Cal. Crim. No. 07-0032-3 Dkt. Nos. 464 & 465) Petitioner then appealed that decision to the Ninth Circuit. The Ninth Circuit affirmed on October 24, 2016. (*See* 9th Cir. C.A. No. 15-55424 Dkt. No. 38)

On January 6, 2017, this Court received petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of his conviction and sentence from the Central District of California in this habeas petition. More specifically, he raises the following claims: (1) ineffective assistance of counsel; (2) plea agreement was never presented or shown to him; (3) his sentence should be reduced in light of the "minor role" retroactive amendment as held in *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); and (4) his attorneys and the government did not allow or afford him the possibility to introduce exculpatory evidence and testimony.

### III.    STANDARD FOR SUA SPONTE DISMISSAL

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

Petitioner is seeking to have this Court review the judgment of conviction and sentence entered by the Central District of California in these habeas proceedings. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. His claims do not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. With respect to one claim, petitioner alleges that his sentence is improper pursuant to a recent Ninth Circuit decision in *Quintero-Leyva*, 823 F.3d 519. However, this claim does not assert that *Quintero-Levya* negates his convictions for the crimes in which he was ultimately convicted. Instead, it is a challenge to the sentence he ultimately received for these convictions. This type of claim also does not fall within the *Dorsainvil* exception. *See, e.g.*, *McIntosh v. Shartle*, 526 F. App'x 150, 152 (3d Cir. 2013); *Johnson v. Scism*, 464 F. App'x 87, 88 (3d Cir. 2012) (citing *Okereke*, 307 F.3d at 120-21). Accordingly, this Court lacks jurisdiction to consider the instant habeas petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. As petitioner has already filed a § 2255, he must receive authorization from the Ninth Circuit to file another one. *See* 28 U.S.C. § 2255(h). Nevertheless, this Court finds that it is not in the interest of justice to transfer this petition to the Ninth Circuit for its consideration as a request to file a second or successive § 2255 motion.[1] *See, e.g.*, *Chavez-Ramirez v. United States*, No. 16-0456, 2016 WL 6634866, at *3 (D. Haw. Nov. 8, 2016) (*Quintero-Leyva* made specific amendment to sentencing guidelines retroactive to direct appeals, not to motions under § 2255).

---

[1] Nothing in this Opinion should be construed by petitioner as preventing him from filing a request to file a second or successive § 2255 motion in the Ninth Circuit for that Court's consideration in the first instance.

## V.     CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:  February 17,  2017                                     s/Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge